1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHIBUEZE C. ANAEME,                    )
                                       )
                                       )
                    Plaintiff,         )      No. CV-12-192-LRS
                                       )
             vs.                       )      **ORDER OF DISMISSAL**
                                       )
UNITED STATE OF AMERICA,               )
et al.,                                )
                                       )
                                       )
                    Defendants.        )
_____ )

Proceeding *in forma pauperis*, the pro se Plaintiff has filed a 104 page

Complaint against approximately 350 named Defendants, including the United

States, various states, counties and cities, and over 300 individuals.  Plaintiff

ostensibly asserts claims pursuant to the Federal Tort Claims Act (FTCA), 28

U.S.C. §§1346, 2671-2680.

It is apparent that the Eastern District of Washington is not a proper venue

for this action.  Actions under the FTCA may be prosecuted either in the judicial

district where the Plaintiff resides or where the act or omission occurred.  28

U.S.C. §1402(b).  The Plaintiff does not reside in the Eastern District of

Washington, nor as discussed below, did any of the alleged acts or omissions

**ORDER OF DISMISSAL-        1**

giving rise to his claims occur in this district.[1]

Pursuant to 28 U.S.C. § 1391(b)(1), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Even assuming that some of the named corporate Defendants (i.e., Shurgard entities) qualify as "residents" of the Eastern District of Washington because they are subject to personal jurisdiction in this district, 28 U.S.C. §1391(c)(2) and (d), it is clear that not **ALL** of the named Defendants (natural persons, governmental entities and business entities) are residents of the Eastern District of Washington. Indeed, most are residents of either Georgia or California.

Furthermore, it is apparent that the Eastern District of Washington is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated." 28 U.S.C. §1391(b)(2). Although Plaintiff alleges "the actions, omissions and transactions alleged to be unlawful were done," in part, in the Eastern District of Washington (ECF No. 7 at p. 68), it is clear from the "Statement of Facts" section of Plaintiff's Complaint (ECF No. 7 at pp. 86-91), that "the actions, omissions and transactions alleged to be unlawful" occurred in Georgia and/or California. Plaintiff identifies the Northern District of Georgia, the Middle District of Georgia, and the Southern District of California as judicial districts in which "actions, omissions and transactions alleged to be unlawful"

---

[1]

Plaintiff contends the United States "is liable for its acts and the acts of its individual agents and/or co-defendants." (ECF No. 7 at p. 69). It appears, however, that none of the named individual Defendants are federal employees.

**ORDER OF DISMISSAL-      2**

occurred.

Finally, the fallback venue provision, 28 U.S.C. §1391(b)(3), does not apply because it is apparent there are other judicial districts in which Plaintiffs' action may be brought (districts in Georgia and/or California).

Pursuant to 28 U.S.C. §1406(a), the court *sua sponte* **DISMISSES** the captioned action, without prejudice, because venue is not proper in the Eastern District of Washington.  A *sua sponte* dismissal is appropriate since Plaintiff has frivolously alleged that the Eastern District of Washington is a proper venue. *Stich v. Rehnquist*, 982 F.2d 88, 89 (2nd Cir. 1992) (action brought by vexatious litigant in district with no "discernable" connection to action); *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)(*sua sponte* dismissal appropriate where "the defense is obvious from the face of the complaint and no further factual record is required to be developed").  For the same reason, it is not in the "interest of justice" to transfer this action to any district in which it could have been brought.  It is not in the "interest of justice" to transfer an action that was obviously or deliberately filed in the wrong court.  *Stanifer v. Brannan*, 564 F.3d 455 (6th Cir. 2009); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1995, 1201 (4th Cir. 1993); and *Dubin v. United States*, 380 F.2d 813, 816, fn. 5 (5th Cir. 1967).

Plaintiff is a frequent litigator in various federal district courts throughout the nation, as discussed in a recent decision by the District of Nevada, *Anaeme v. National Association Boards Of Pharmacy*, 2012 WL 3886086 (D. Nev. 2012) at *3-4.  The District of Nevada found venue was not proper for the action filed there by Plaintiff.  Furthermore, the court found that because of Plaintiff's history as a litigant in federal court, transferring the action to a federal district where venue was proper was not "in the interest of justice."  *Id*. at *2.  It appears the claims asserted by Plaintiff in the captioned action have previously been asserted by him in other actions filed in other districts.  *Id*. at *3 (referring to an

**ORDER OF DISMISSAL-**        **3**

action filed in the District of Nevada regarding a dispute over a storage unit agreement). The District of New Mexico and the District of Colorado have both apparently deemed the Plaintiff a vexatious litigant and restricted his ability to file *pro se* lawsuits. *Id.* at *4. As part of its decision, the District of Nevada ordered the Plaintiff to show cause why he should not be deemed a vexatious litigant in that district pursuant to the All Writs Act, 28 U.S.C. §1651(a), and enjoined from filing any further action or papers in that district without obtaining leave of the court.

This court will not entertain any motion for reconsideration of this "Order Of Dismissal." This court hereby certifies that any appeal from this "Order Of Dismissal" to the Ninth Circuit Court of Appeals is not taken in good faith. 28 U.S.C. §1915(a)(3).

**IT IS SO ORDERED**. The District Executive shall forward a copy of this order to the Plaintiff and **CLOSE** this file.

**DATED** this___17th___ of September, 2012.


                            ___s/Lonny R. Suko_____
                                 LONNY R. SUKO
                            United States District Judge












**ORDER OF DISMISSAL-        4**